IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) No. 04 CR 464-4 |
| | ) |
| Kenyatta Coates, | ) |
| Defendant. | ) |

Memorandum Opinion and Order

Defendant Kenyatta Coates is currently serving a 228-month sentence for conspiracy to possess with the intent to distribute in excess of 50 grams of cocaine base (crack cocaine). His conviction is based on charges contained in a superseding indictment dated February 8, 2005. Before me is Mr. Coates's motion to reduce his sentence pursuant to Section 404 of the First Step Act. For the reasons set forth below, his motion is granted.

Mr. Coates's conviction is subject to the penalties contained in 21 U.S.C. § 841(b)(1)(A), which at the time of Mr. Coates's 2006 sentencing provided a mandatory term of imprisonment of 10 years to life for offenses involving amounts of crack cocaine equaling or exceeding 50 grams (assuming no prior offenses). 21 U.S.C. § 841(b)(1) (2006). In 2010, however, Congress passed the Fair Sentencing Act, which, in Section 2, increased the quantity

of crack cocaine required to trigger the 10-year mandatory minimum to 280 grams. Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010); *see also* 21 U.S.C. § 841(b)(1). Under the Fair Sentencing Act, quantities of crack between 28 and 279 grams carry an imprisonment range of 5-40 years. *Id.*

Because the Fair Sentencing Act was not retroactive, however, it did not initially impact defendants sentenced prior to 2010. *See United States v. Shaw*, 957 F.3d 734, 2020 U.S. App. LEXIS 13549, at *4 (7th Cir. 2020). Congress addressed this disparity in 2018 when it passed the First Step Act. Section 404(b) of the First Step Act provides: "A court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a).

"A judge considering a motion for a reduced sentence under the First Step Act is faced with two questions": (1) whether the defendant is eligible for a sentence reduction under the Act, and (2) whether the sentence should be reduced in the judge's

2

discretion. *Shaw*, 957 F.3d 734, 2020 U.S. App. LEXIS 13549, at *2-3. With respect to the first question, the Government argues that Mr. Coates is ineligible for relief for two reasons: first, because he was convicted of offenses also involving heroin and powder cocaine, and the statutory penalties for these offenses were not altered by the Fair Sentencing Act; and second, because his criminal violation in fact involved a quantity of crack cocaine well above the minimum required to trigger the 10-year mandatory minimum even under the amended statute. The Seventh Circuit squarely rejected the latter argument in its recent decision in *Shaw*. There, the court held "that the statute of conviction alone determines eligibility for First Step Act relief [and] offenses are 'covered offenses' under the plain language of the First Step Act [where] the Fair Sentencing Act modified the penalties for crack offenses as a whole, not for individual violations." *Id.* at *10-11. Accordingly, because Mr. Coates's statute of conviction was modified by the Fair Sentencing Act, he is eligible for relief under the First Step Act, regardless of the specifics of his particular violation.

As for the fact that Mr. Coates's offenses also involved heroin and powder cocaine, "[n]umerous district courts have . . . decided that a defendant's offense is still 'covered' within the meaning of section 404(a) of the First Step Act when the defendant was convicted of a multiple-objective conspiracy." *United States*

3

*v. Taylor*, No. 04 CR 495-38, 2020 WL 2476529, at *4 (N.D. Ill. May 13, 2020) (collecting cases and adopting "majority" position that defendants may be eligible for relief under First Step Act in cases involving both crack cocaine and other controlled substances); *United States v. Jones*, No. 96 CR 553-4, 2020 WL 1848210, at *5 (N.D. Ill. Apr. 13, 2020) (finding eligibility in case involving both crack and powder cocaine); *but see United States v. Barber*, No. 5:08-CR-39-RH, 2020 WL 373982, at *1 (N.D. Fla. Jan. 22, 2020) (finding the defendant ineligible on the basis that his sentence "would have been the same based on the powder alone, without regard to the crack"). And while the Seventh Circuit has yet to decide the issue, other Courts of Appeals have embraced the majority view. *See United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020) ("[W]e see nothing in the text of the Act requiring that a defendant be convicted of a single violation of a federal criminal statute whose penalties were modified by section 2 or section 3 of the Fair Sentencing Act."); *see also United States v. Smith*, 954 F.3d 446, 450 & n.5 (1st Cir. 2020); *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019).

For the foregoing reasons, I am satisfied that Mr. Coates is eligible for relief under the First Step Act and turn to the question of whether I should exercise my discretion in his favor. Mr. Coates offers evidence of his rehabilitation during his already lengthy incarceration, and has also shown that he will have the

4

support of his family upon his release. Without diminishing in the least the seriousness of Mr. Coates's conduct, I am not persuaded that his continued incarceration is necessary to protect the public or will provide additional deterrence beyond the more than fourteen years he has already served. Accordingly, I exercise my discretion to grant his motion for a reduced sentence to time served. I leave intact his 5-year term of supervised release and all other conditions of his sentence.

                                        **ENTER ORDER:**

                                        */s/ Elaine E. Bucklo*
                                        **Elaine E. Bucklo**
                                        United States District Judge

Dated: May 27, 2020